IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DEBORAH CHAPPELL, TYSHELLA HARVEY, GLYNNA KYLE, LATOYA MAXWELL, ADRIANE MCFERRIM, and ASHLEY WELCH,<br><br>　　Plaintiffs,<br><br>v.<br><br>NAVIKA CAPITAL GROUP, LLC, PREMIER HOTEL GROUPS II, LLC, and NAVEEN C. SHAH,<br><br>　　Defendants. | Case No. 4:14-cv-1499 |

# COMPLAINT
### Collective Action Under the FLSA and Wage-Related Class Claims Pursuant to Fed. R. Civ. P. 23

**COMES NOW** the Plaintiffs, Deborah Chappell, Tyshella Harvey, Glynna Kyle, Latoya Maxwell, Adriane McFerrim and Ashley Welch, on behalf of themselves and all others similarly situated, by and through counsel, and hereby sets forth this representative action for violation of the Fair Labor Standards Act under 29 U.S.C. §216(b) and Missouri Wage-Related Class Claims Pursuant to Fed. R. Civ. P. 23 as follows:

## PRELIMINARY STATEMENT

1.　　Plaintiffs bring this action against Defendants Navika Capital Group, LLC, Premier Hotel Groups II, LLC and Naveen C. Shah, ( "Defendants") for unpaid minimum wages, unpaid overtime compensation and related penalties and damages. Defendants own and operate numerous hotels within this district. Defendants' practice and policy is to willfully fail and refuse to properly pay minimum wage and overtime compensation due Plaintiffs, and all other similarly

1

situated employees, who work or worked at Defendant's locations in.

2. Defendants have maintained a policy by which non-exempt employees were required to work without compensation, at sub-minimum wage rates, and a policy by which they failed to provide overtime compensation for all hours in excess of 40 in a workweek. Doing so denies such persons compensation for all work performed and overtime pay, and is in direct violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (FLSA) and Missouri law.

3. Defendants' practices are in direct violation of the FLSA and and Missouri law and Plaintiffs seek compensation for work performed, overtime premiums for all overtime work required, suffered, or permitted by Defendants; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

**PARTIES**

4. Plaintiff Deborah Chappell is a resident of Columbia, Missouri. She is a covered employee of Navika Capital Group, LLC, Premier Hotel Groups II, LLC, and Naveen Shah within the meaning of the FLSA.

5. Plaintiff Tyshella Harvey is a resident of Columbia, Missouri. She is a covered employee of Navika Capital Group, LLC, Premier Hotel Groups II, LLC, and Naveen Shah within the meaning of the FLSA.

6. Plaintiff Glynna Kyle is a resident of Columbia, Missouri. She is a covered employee of Navika Capital Group, LLC, Premier Hotel Groups II, LLC, and Naveen Shah within the meaning of the FLSA.

7. Plaintiff LaToya Maxwell is a resident of Columbia, Missouri. She is a covered employee of Navika Capital Group, LLC, Premier Hotel Groups II, LLC, and Naveen Shah within the meaning of the FLSA.

8. Plaintiff Adriane McFerrim is a resident of Columbia, Missouri. She is a covered employee of Navika Capital Group, LLC, Premier Hotel Groups II, LLC, and Naveen Shah within the meaning of the FLSA.

9. Plaintiff Ashley Welch is a resident of Columbia, Missouri. She is a covered employee of Navika Capital Group, LLC, Premier Hotel Groups II, LLC, and Naveen Shah within the meaning of the FLSA.

10. Plaintiffs were employed by the Defendants in Columbia, Missouri within the statutory period. Plaintiffs were hourly, non-exempt employees.

11. Defendant Navika Capital Group, LLC ("Navika") is a New York limited liability company doing business in the Western District of Missouri. Its principal place of business is 100 Jericho Quadrangle Suite 206, Jericho, New York 11753. It is an enterprise engaged in commerce that acted in the interest of an employer with respect to Plaintiffs.

12. Defendant Premier Hotel Groups II, LLC ("Premier") is a Missouri corporation doing business in Missouri. Its principal place of business is 915 Portway, Columbia, Missouri 65201. It is an enterprise engaged in commerce that acted in the interest of an employer with respect to Plaintiffs.

13. Defendants Navika and Premier constitute an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because its annual gross volume of sales exceeds $500,000, and their employees

(including Plaintiffs) handle goods that have been moved in or been produced in commerce. 29 U.S.C § 203(s)(1).

14. Defendants Navika, Premier, and Naveen C. Shah, acted directly or indirectly in the interest of an employer in relation to Plaintiffs. 29 U.S.C. § 203(d). Defendants directed the day-to-day activities of Plaintiffs. Thus, Defendants are "employers" under the FLSA. *See* 29 C.F.R. § 791.2; *Falk v. Brennan*, 414 U.S. 190, 195 (1973).

15. Defendant Naveen C. Shah ("Shah") is an individual doing business in the State of Minnesota.

## JURISDICTION AND VENUE

16. This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

17. The United States District Court for the Western District of Missouri has personal jurisdiction because Defendants conduct business within this District.

18. This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because these state claims are so related to the FLSA claims that they form part of the same case or controversy.

19. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), inasmuch as the Defendants have offices, conducts business and can be found in the Western District of Missouri, and the cause of action set forth herein has arisen and occurred in part in the Western District of Missouri. Venue is also proper under

4

29 U.S.C. §1132(e)(2) because Defendants have substantial business contacts within the Western District of Missouri.

20. At all relevant times, Defendants have been an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendants have or had employed "employee[s]," including each of the putative representative action plaintiffs. At all relevant times, Plaintiffs and other putative plaintiffs were engaged in commerce and/or worked for Defendants, which were an enterprise engaged in commerce. At all times relevant herein, Defendants have had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

## COLLECTIVE AND CLASS ALLEGATIONS

21. This lawsuit is brought in conjunction and in relation to Case No. 4:10-cv-1569, which was originally filed in the Southern District of Texas, Houston Division on May 3, 2010, styled *Wilson, et. al. v. Navika Capital Group LLC, et. al.*. On June 4, 2014, the Court de-certified the nation-wide collective class and tolled the statute of limitations for all class members, allowing them to re-file cases in the various districts in which they were located. On July 14, 2014 the Court granted an additional 14 days for Plaintiffs to re-file their respective cases.

22. Plaintiffs were hourly, non-exempt employees.

23. Plaintiffs and other hourly, non-exempt employees were required to perform work in excess of forty (40) hours per week as an integral and indispensable part of the principle activities of performing their jobs.

24. Plaintiffs and other hourly, non-exempt employees were required to work off the

5

clock, and below minimum wage. Further, Plaintiffs were frequently required to work in excess of 40 hours in a workweek without proper overtime compensation. Defendants failed to, and continue to fail to, compensate employees for this time.

25. Defendants' unlawful policies cause Plaintiffs to work in excess of forty (40) hours per week, under the applicable Minimum Wage rates.

26. Plaintiffs were not properly compensated for this work at the applicable rate of pay.

27. The Defendants employ/employed other employees, who, like the Plaintiffs, are/were required to perform the same or similar work off the clock, for subminimum wages, and in excess of forty (40) hours per week.

28. Plaintiffs and other hourly, non-exempt employees were improperly compensated under the FLSA and the Missouri wage statutes. All such employees are hereby referred to as the "similarly situated" or the "putative representative action plaintiffs" or "putative class members."

29. These "similarly situated" employees were not properly compensated for their work at the legal and proper rate of pay.

30. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for all hours worked and to compensate them at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

31. All similarly situated employees working for Defendants are similarly situated in that they all are subject to Defendants' same compensation and timekeeping policies that deny Plaintiffs compensation for all hours worked in a workweek,

6

including minimum wage and overtime compensation for hours worked in excess of forty (40) hours per week.

32. The quantum meruit claims are brought against Defendants under Rule 23 of the Federal Rules of Civil Procedure as a class action consisting of all current and former hourly employees who were employed in Missouri and who were required to perform work without proper compensation and who have worked for Defendants at any time during the last five years. Plaintiffs, individually and on behalf of other similarly situated employees, seeks relief on a class basis challenging Defendants' failure to pay the class for all hours worked and overtime wages.

33. The unjust enrichment claims are brought against Defendants under Rule 23 of the Federal Rules of Civil Procedure as a class action consisting of all current and former hourly employees who were employed in Missouri and who were required to perform work without proper compensation and who have worked for Defendants at any time during the last five years. Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a class basis challenging Defendants' failure to pay the class for all hours worked and overtime wages.

34. The Missouri Wage and Hour claims (Mo. Rev. Stat. § 290.500, *et seq.*) are brought against Defendants under Rule 23 of the Federal Rules of Civil Procedure as a Missouri state-wide class action consisting of all current and former hourly employees who were required to perform work without compensation and who have worked for Defendants as a Missouri employee at any time during the last

7

three years. Plaintiffs, individually and on behalf of other similarly situated employees, seeks relief on a class basis challenging Defendants' failure to pay the class for all hours worked and overtime wages.

35. Plaintiffs bring Count I (FLSA) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging Defendants' practices of requiring unrecorded work without pay, as well as failing to pay Plaintiffs and other similarly situated employees for all overtime hours worked. The class for the FLSA claims is defined as:

> All current and former hourly, non-exempt personnel of Defendants who performed work without proper compensation at any time during the last three years.

36. Pursuant to 29 U.S.C. § 216(b), FLSA claims may be pursued by those who opt-in to this case.

37. Plaintiffs' consent to join forms, filed previously, in Case No. 4:10-cv-1569, in 2012 are attached as Exhibit A.

38. Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to properly pay minimum wage and overtime to Plaintiffs and other similarly situated employees and failing to pay Plaintiffs and other similarly situated employees for all hours worked at a proper, legal rate, including overtime compensation. The number and identity of other plaintiffs yet to opt-in and consent to be party-plaintiffs may be determined from the records of Defendants, and potential party-plaintiffs may easily and quickly be notified of

8

the pendency of this action.

39. Count III (Mo. Rev. Stat. § 290.500, *et seq.*) is a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure against Defendants. Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a class basis challenging Defendants' practice of requiring unrecorded and unpaid work and failing to pay Plaintiffs and other similarly situated employees minimum wage and for all hours worked, including overtime compensation. The Missouri Wage Rule 23 class is defined as:

> All current and former personnel who performed work without proper compensation during the past five years.

40. Plaintiffs bring Count II (unjust enrichment), Count IV (*Quantum Meruit*), and Count V (Breach of Contract), as class actions pursuant to Rule 23 of the Federal Rules of Civil Procedure against Defendants. Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a class basis challenging Defendants' practice of requiring unrecorded and unpaid work, work paid at sub-minimum wages, and failing to pay Plaintiffs and other similarly situated employees for overtime hours worked. The Rule 23 classes are defined as:

> All current and former hourly personnel who were employed by the Defendants at any time during the last five years and who performed work without proper compensation.

41. Plaintiffs' state law claims against Defendants satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action.

42. The class satisfies the numerosity standards as it is believed to number over one-

hundred. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail.

43. There are questions of fact and law common to the class that predominate over any questions affecting individual members. The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

   a. Whether class members were compensated for time spent performing work-related tasks;

   b. Whether Defendants' compensation policies and practices properly (if at all) account for the time class members were actually working;

   c. Whether Defendants' pay practices violate the FLSA;

   d. Whether such violations were willful;

   e. Whether Defendants knew or had reason to know such policies and compensation practices were unlawful, and

   f. Whether Defendants retained a benefit for such unlawful policies and compensation practices.

44. The aforementioned common questions predominate over any questions affecting individual persons, and a class action is proper as it relates to consistency, economy, efficiency, fairness, and equity.

45. The claims of Plaintiffs are typical of those of the Class in that class members have been employed in the same or similar positions as the Class Representatives and were subject to the same or similar unlawful practices as the Class

10

Representatives.

46. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying results, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

47. The Class Representatives are adequate representatives of the class because their interests do not conflict with the interests of the members of the class they seek to represent. The interests of the members of the class will be fairly and adequately protected by the Class Representatives and their undersigned counsel, who has experience in employment and class action lawsuits.

48. Maintenance of this action as a class action is a fair and efficient method to resolve this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

## COUNT I – FLSA CLAIM

49. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

50. Plaintiffs were employed by the Defendants at the Defendants' locations in Columbia, Missouri.

51. Plaintiffs performed work both before and after their work shift as an integral and indispensable part of the principle activities of performing their job.

52. Said work often caused Plaintiffs to work in excess of forty (40) hours per week.

53. Further, Plaintiffs were required to work in excess of 40 hours in a workweek.

54. Plaintiffs were not properly compensated for this work at the applicable rate of pay.

55. Plaintiffs were treated as non-exempt employees by the Defendants under the FLSA.

56. Defendants employ/employed other employees, like Plaintiffs, who are/were required to perform work without compensation as an integral and indispensable part of the principle activities of performing their job, and/or were not paid for overtime compensation for hours worked in excess of 40 in a workweek. All such employees are hereby referred to as the "similarly situated" or the "putative representative action plaintiffs."

57. Said unpaid work often caused those "similarly situated" employees to work in excess of forty (40) hours per week. Said "similarly situated" employees were not properly compensated for this work at the applicable rate of pay.

58. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

59. All similarly situated employees working for Defendants are similarly situated in that they all are required to perform work without compensation as an integral and

indispensable part of the principle activities of performing their job, and/or were not paid overtime compensation for all hours worked in excess of 40 in a workweek.

60. All similarly situated employees are similarly situated in that they are all subject to Defendants' same compensation policies and plan that requires these employees to perform work without compensation, and worked in excess of 40 hours in a workweek without overtime compensation. In turn, this denies similarly situated employees their proper compensation.

61. All similarly situated employees are similarly situated in that they are all subject to Defendants' same compensation policies and plan that requires Plaintiffs and those similarly situated to perform work without proper compensation.

62. Plaintiffs bring this Complaint as a collective action pursuant to 29 U.S.C. §216(b) of the FLSA, on behalf of all persons who were, are, or will be employed by the Defendants as similarly situated employees within three years from the commencement of this action who have not been compensated at one and one-half times the regular rate of pay for all services performed in excess of forty hours per week.

63. This Complaint is being brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) of the FLSA for all claims asserted by the Plaintiffs because their claims are similar to the claims of the putative representative action Plaintiffs.

64. The names and addresses of the putative representative action Plaintiffs are available from Defendants. To the extent required by law, notice will be provided

to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

65. Defendants failed to compensate Plaintiffs and the putative representative action Plaintiffs at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendants have violated, and continues to violate, the FLSA, 29 U.S.C. §§201, *et seq.,* including 29 U.S.C. §207(a)(1).

66. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

67. The Plaintiffs, on behalf of themselves and all similarly situated employees of Defendants who compose the putative representative action Plaintiffs, seeks damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other legal and equitable relief as the Court deems just and proper.

68. The Plaintiffs, on behalf of themselves and all similarly situated employees of Defendants who compose putative representative action plaintiffs, seeks recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiffs, on behalf of herself and all proposed putative representative action Plaintiffs, prays for relief as follows:

    a.    Designation of this action as a collective action on behalf of the proposed

putative representative action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all putative representative action Plaintiffs (the FLSA opt-in class), apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Join pursuant to U.S.C. §216(b);

b. Designation of Plaintiffs as Representative Plaintiffs of the putative representative action plaintiffs;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §201, *et seq.*;

d. An award of damages for unpaid wages, minimum wage, and overtime compensation due to the Plaintiffs and the putative representative action Plaintiffs, including liquidated damages, to be paid by Defendants; or

f. Pre-Judgment and Post-Judgment interest, as provided by law; and

g. Costs and expenses of this action incurred herein including expert fees;

h. Reasonable attorneys' fees;

i. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## **COUNT II – UNJUST ENRICHMENT**

69. Plaintiffs reallege and incorporate by reference each and every averment of this Complaint as though fully set forth herein.

70. Defendants have been enriched through making deficient payments for work performed by Plaintiffs and other similarly situated employees. Defendants were enriched at the expense of Plaintiffs and other similarly situated employees

because Plaintiffs and others were not properly compensated for their work.

71. Defendants intentionally refused to pay Plaintiffs and other similarly situated employees at the proper rate for all hours worked and for time worked in excess of forty hours per week. Defendants know or should know the proper rate of pay for Plaintiffs and other similarly situated employees. Such wrongful conduct demonstrates bad faith on the part of Defendants.

72. It is unjust for Defendants to retain the benefits from the unpaid work performed by Plaintiffs and other similarly situated employees.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants on Count II of the Complaint; for notice to be sent to a class of similarly situated employees; for an award of restitution; pre-judgment and post-judgment interest as provided by law; and for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

### COUNT III - FAILURE TO PAY EARNED WAGES AND OVERTIME
**(Mo. Rev. Stat. § 290.500, *et seq*.)**

73. Plaintiffs reallege and incorporate by reference each and every averment of this Complaint as though fully set forth therein.

74. At all times material herein, Plaintiffs and other similarly situated employees have been entitled to the rights, protections, and benefits provided under Mo. Rev. Stat. § 290.500, *et seq.*

75. Mo. Rev. Stat. § 290.502 regulates the payment of minimum wages and Mo. Rev. Stat. § 290.505 regulates the payment of overtime compensation by Missouri employers.

76. Defendants are subject to the minimum wage requirements of Mo. Rev. Stat. §

16

Case 2:14-cv-04199-MJW   Document 1   Filed 07/28/14   Page 16 of 19

290.502 and the overtime pay requirements of Mo. Rev. Stat. § 290.505 because they are an employer in the state of Missouri under Mo. Rev. Stat. § 290.500(4) and Plaintiffs and other similarly situated employees of Defendants are employees under Mo. Rev. Stat. § 290.500(3).

77. Defendants violated Mo. Rev. Stat. §§ 290.502 and 290.505 by failing to properly pay employees for all hours worked and failing to pay employees for overtime. In the course of perpetrating these unlawful practices, Defendants willfully failed to keep accurate records of all hours worked by employees as required by Mo. Rev. Stat. § 290.520.

78. Plaintiffs and all similarly situated employees are victims of an unlawful and entity-wide compensation policy. Defendants continue to apply and enforce this policy and thereby continues to violate Mo. Rev. Stat. §§ 290.502 and 290.505.

79. Plaintiffs and all similarly situated employees are entitled to damages equal to amount of unpaid wages for the unrecorded and unpaid time worked and for overtime premium pay within the two years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew or showed reckless disregard for the matter of whether its conduct was prohibited.

80. Defendants acted in bad faith and without reasonable grounds to believe its actions and omissions were compliant with Mo. Rev. Stat. §§ 290.502 and 290.505. As a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to Mo. Rev. Stat. §

290.505.

81. As a result of these willful violations of the wage and overtime provisions under Mo. Rev. Stat. § 290.505, wages and overtime compensation have been unlawfully withheld by Defendants from Plaintiffs and other similarly situated employees for which Defendants are liable pursuant to Mo. Rev. Stat. §§ 290.505; 290.527, together with an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs of this action.

**WHEREFORE**, Plaintiffs, and all similarly situated employees, demand judgment against Defendants and pray for: for notice to be sent to a class of similarly situated employees; compensatory damages; liquidated damages; attorneys' fees and costs as allowed by Mo. Rev. Stat. § 290.527; for prejudgment and post-judgment interest as provided by law; and for such other relief the Court deems fair and equitable.

## COUNT IV – *QUANTUM MERUIT*

82. Plaintiffs reallege and incorporate by reference each and every averment of this Complaint as though fully set forth herein.

83. At Defendants' request, Plaintiffs and other similarly situated employees provided services in the form of work for Defendants. These services had reasonable value and were performed at an hourly rate.

84. Plaintiffs and other similarly situated employees regularly would work off the clock before work and after work without being compensated for this time.

85. Defendants failed to compensate Plaintiffs and other similarly situated employees the reasonable value of these services performed on Defendants' behalf.

WHEREFORE, Plaintiffs pray for judgment against Defendants on Count IV of the Complaint; for notice to be sent to a class of similarly situated employees; for an award of restitution and for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

Respectfully submitted,

**THE HODGSON LAW FIRM, L.L.C.**

By: */s/ Michael Hodgson*
Michael Hodgson    MO Bar No. 63677
mike@thehodgsonlawfirm.com

6 NW Main St.
Lee's Summit, MO 64063
Tel: (913) 890-3529

And

*/s/ Howard L. Steele, Jr.*
Howard L. Steele, Jr.
Texas Bar No. 24002999
Federal Bar No. 21615
Tyrone L. Haynes
Texas Bar No. 24076430
Federal Bar No. 2303786
**STEELE LAW GROUP, PLLC**
Bank of America Center
700 Louisiana, Suite 3950
Houston, Texas 77002
(713) 659-2600 [Telephone]
(713) 659-2601 [Facsimile]
hsteele@steel-law-group.com

*TO BE ADMITTED PRO HAC VICE*