IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| DEBORAH CHAPPELL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-cv-04199-SRB |
| | ) | |
| NAVIKA CAPITAL GROUP, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court are Plaintiffs' Proposed Bill of Costs, (Doc. #77), and Plaintiffs' Motion for Application for Attorneys' Fees, (Doc #78). For the following reasons, both are GRANTED IN PART and DENIED IN PART.

### I. Background and Procedural History

On July 28, 2014, Plaintiffs filed a Complaint in this Court, alleging Defendants violated provisions of the Fair Labor Standards Act ("FLSA"). On August 29, 2016, the parties submitted a settlement agreement which left the matters of the amount of mandatory costs and mandatory attorneys' fees owed to Plaintiffs' attorneys under the FLSA to be determined by the Court. Defendants dispute several items designated as costs and the reasonableness of the hours and billing rates of Plaintiffs' attorneys. Defendants filed a motion requesting the Court adjust attorneys' fees downward after considering Plaintiffs' attorneys' performance.

On April 20, 2015, this Court issued an Order granting in part and denying in part a motion to dismiss. In this Order, the Court laid out the procedural history of the case:

> The parties in this case were previously parties to a collective action for unpaid overtime under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201, *et seq.*, which was originally filed in the Southern District of Texas in 2010. Judge Melinda Harmon granted conditional certification of the collective action, but

after a series of discovery disputes and numerous motions, Judge Harmon granted Defendants' Motion for Decertification on June 4, 2014. *Wilson v. Navika Capital Group, LLC*, No. 4:10-CV-1569, 2014 WL 2534904, *7 (S.D. Tex. June 4, 2014). In connection with the decertification order, Judge Harmon further ruled that she would equitably toll the applicable statute of limitation "[t]o avoid prejudice to individual opt-in Plaintiffs who have been dismissed and who may choose to file their own cases[.]" *Id.* Judge Harmon later granted an extension of the equitable tolling period, but withdrew that extension upon a showing that plaintiffs had made inconsistent statements to the court in seeking the extension. *Wilson v. Navika Capital Group, LLC*, No. 4:10-CV-1569, 2015 WL 1190181, *3-4 (March 14, 2015 S.D. Tex.).

. . .

[Plaintiffs' first Complaint] was framed as stating collective and class claims, not individual claims. Plaintiffs submitted consents to join with the Complaint, all of which referred to the Southern District of Texas action and not the instant, Western District of Missouri action. (Doc. #1, Exs., 2-8). On November 25, 2014, Plaintiffs filed a motion for extension of time to perfect service arguing they had been "diligent in attempting to locate and serve Defendants" but that when they "attempted to serve Defendants through their counsel, Michael Sheppeard, in October of 2014" Plaintiffs were informed defense counsel was not authorized to accept service. (Doc. #4, p. 2). On December 3, 2014, by text order, Judge Whitworth granted Plaintiffs a 90-day extension to perfect service. (Doc. #5). A return of service was entered on February 17, 2015. (Doc. #11). The documents submitted with the return of service filing show service was completed on all three Defendants by January 7, 2015. (Doc. #11).

On January 28, 2015, Defendants filed a Motion to Dismiss the original Complaint. (Doc. #8). On February 17, Plaintiffs filed an opposition to the Motion to Dismiss (Doc. #14) and an Amended Complaint. The Amended Complaint included the same claims—FLSA, quantum meruit, unjust enrichment, and violation of Missouri minimum wage laws—against the same three Defendants, but on an individual rather than collective or class basis. (Doc. #13). In response to the Amended Complaint, Defendants filed the Renewed Motion to Dismiss arguing: 1) that the consents submitted with the original Complaint were invalid and rendered the Complaint a "nullity" requiring the Court to consider the February 17, 2015 filing of the Amended Complaint as the relevant date for calculating the impact of the FLSA's three-year statute of limitation applicable to claims based on willfulness; 2) that if the Court declined to consider February 17, 2015, as the filing date, the Court should consider July 28, 2014, to be the relevant date for calculating the impact of the statute of limitation due to the fact that Judge Harmon withdrew her extended tolling order; 3) Plaintiffs' failure to serve process within 120 days after filing the Complaint necessitated dismissal under Fed. R. Civ. P. 12(b)(5) and 4(m); and 4) res judicata and collateral estoppel required dismissal of Deborah Chappell's claims because she was removed from the Supplemental Trial Plan in the Southern District of Texas action because she had no damages.

2

(Doc. #32, p. 1-3). The Court held that Plaintiffs' Fair Labor Standards Act claims were "limited by the applicable, three-year statute of limitation to a beginning date of no earlier than July 14, 2011, based on the Plaintiffs' filing date and the equitable tolling orders issued by Judge Melinda Harmon in the predecessor matter, *Wilson v. Navika Capital Group*, LLC, No. 4:10-CV-1569 (S.D. Tex.). All other grounds for relief stated in the Renewed Motion to Dismiss [were] denied." *Id.* at 1.

Per the Court's Scheduling Order, the discovery deadline was set for November 13, 2015. (Doc. #35). On January 12, 2016, Plaintiffs' attorneys filed a motion for an extension of time to complete discovery. On January 21, 2016, the Court held a hearing discussing Plaintiffs' motion to reopen discovery and conduct two depositions out of time. The Court granted the motion "to the extent that Plaintiffs [were granted leave to] conduct two depositions outside the discovery period. Plaintiffs [were] ordered to inform Defendants within seven days which two individuals [were to] be deposed. Defendants [were] ordered to provide dates certain when the two depositions [would] be taken within thirty days thereafter. Plaintiffs' motion [was] denied in all other respects." (Doc. #55).

On March 8, 2016, Plaintiffs' attorneys filed another motion to reopen discovery and extend discovery deadlines in order to conduct another deposition. On March 9, 2016, during the hearing scheduled for the parties' motions for summary judgment, the Court questioned Plaintiffs' attorneys about ongoing discovery problems. Plaintiffs' attorneys represented that Defendants had not provided complete disclosure of employment records, and because of this, Plaintiffs needed the opportunity to conduct another deposition, the deposition of Ramesh Patel. The Court granted the motion. On March 30, 2016, Plaintiffs' attorneys filed a joint motion requesting, in part, that the Court extend the deadline to depose Patel another month. The Court

3

denied this motion, ruling that "[t]he stated reasons for the extension—to conduct the final deposition and to talk settlement—can both be accomplished prior to the pre-trial hearing and trial." (Doc. #72). On April 1, 2016, Plaintiffs' counsel filed a single designation of deposition testimony, the only deposition related filing after the Court granted all of these extensions; the deposition was a videotaped deposition from 2012, arising out of Plaintiffs' previously decertified class action case in the Southern District of Texas.

On April 5, 2016, the parties notified the Court that the case settled. The parties filed their joint motion for approval of settlement on August 29, 2016, which the Court approved on August 31, 2016. As a part of the settlement, the parties agreed to allow the Court to determine the appropriate mandatory award of attorneys' fees and litigation costs. Plaintiffs' attorneys argue they are due (i) $11,037.49 in costs, (ii) $170,318.50 in attorneys' fees for litigating the FLSA case, and (iii) $8,568.73 in attorneys' fees for preparing the motions and related documentation for the award of attorneys' fees. Defendants respond that each category of costs and fees Plaintiffs' attorneys seek is excessive and must be significantly reduced.

**II.     Discussion**

    **A.     Costs**

Plaintiffs request $917.40 for the Court Clerk and service fees, including service by private process servers; $2,597.31 for a video recording of a deposition conducted for use in the case, and a copy of the transcript from that deposition; $6.58 for photocopies; and $7,516 in "other costs," for a sum total of $11,037.49 in costs. Included in Plaintiffs' other costs are fees for postage expenses, hotel expenses, mediation expenses, personal items purchased at airport kiosks, flights, and personal transportation. Defendants object to these other costs because they are not among the taxable costs enumerated by statute.

4

"Section 1920 [of Title 28 of the United States Code] sets forth categories of costs that are to be granted to prevailing parties." *Combs v. Cordish Companies, Inc.*, No. 14-0227-CV-W-ODS, 2015 WL 5096009, at *1 (W.D. Mo. Aug. 28, 2015). The Court may award a prevailing party the following costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees . . . ; [and] (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services[.]" 28 U.S.C. § 1920. "These categories represent 'rigid controls:' only items within these categories may be taxed." *Combs*, 2015 WL 5096009, at *1 (citing *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (per curiam)).

Plaintiffs' filing fee is clearly contemplated by statute. 28 U.S.C. § 1920(1). However, Plaintiffs' attorneys included $477.40 in private process server fees, and private process server fees are not allowed by § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). Additionally, Plaintiffs' $2,597.31 request for deposition costs includes a $965.90 video recorded deposition that may not be taxed as costs. Local Rule 30.1(c)(4) ("[T]he expense of non-stenographic recording is to be borne by the party utilizing it and shall not be taxed as costs."). Finally, not one of Plaintiffs' attorneys' expenses listed in "other costs" is and enumerated taxable cost under § 1920, requiring the Court to discount Plaintiffs' requested costs by $7,516.20. Accordingly, the costs properly awarded to Plaintiffs' attorneys in this case are $2,077.39 (Total of $11,037.49 - $477.40 - $965.90 - $7,516.20 = $2,077.39).

5

### B. Attorneys' Fees

Plaintiffs' attorneys argue they are entitled to attorneys' fees for "808.9 hours prosecuting this matter to completion, of which counsel is seeking compensation for 737.91 hours. Plaintiffs' current lodestar is $170,318.50—which leads to an effective 'blended' rate of $230.81 per hour." (Doc. #79). "Additionally, Plaintiffs' counsel seeks fees in the amount of $8,568.75 incurred in the preparation of this application." *Id.* Defendants respond "Plaintiffs have failed to meet their burden of establishing that counsel billed at reasonable rates and expended reasonable hours on this case [and] the amount of fees in this case should be subject to a lodestar adjustment downward[.]" (Doc. #80, p. 1). Defendants further respond Plaintiffs' attorneys' fees incurred for preparing the motion for attorneys' fees "should be substantially reduced, [because] 35.35 hours of mostly attorney time, should not have been necessary to complete a largely administrative task." *Id.* at 14.

The FLSA allows a prevailing plaintiff to recoup "a reasonable attorney's fee to be paid by the defendant, and costs of the action[.]" 29 U.S.C. § 216(b); *Garrison v. ConAgra Foods Packaged Foods, LLC*, 833 F.3d 881, 887 (8th Cir. 2016). Moreover, "[t]he FLSA entitles a prevailing plaintiff to an award of fees and costs, and although the court has discretion in determining what a reasonable fee is, a fee award is mandatory." *Branson v. Pulaski Bank*, No. 4:12-CV-01444-DGK, 2015 WL 139759, at *7 (W.D. Mo. Jan. 12, 2015) (citing *Gambrell v. Weber Carpet, Inc.*, No. CIV.A. 10-2131-KHV, 2012 WL 162403, at *2 (D. Kan. Jan. 19, 2012)). "The starting point for an award of attorneys' fees must always be the 'lodestar,' which supplies an 'initial estimate' of the appropriate amount to award." *Hixon v. City of Golden Valley*, No. CIV. 06-1548 RHK/JSM, 2007 WL 4373111, at *2 (D. Minn. Dec. 13, 2007) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). "There is a 'strong presumption' that the

6

lodestar figure represents the reasonable fee to be awarded." *Id.* (quoting *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)). "To calculate the lodestar amount, the Court must multiply the reasonable number of hours expended by a reasonable hourly rate for each attorney performing the work." *Letterman v. Burgess*, No. 5:12-CV-06136-NKL, 2016 WL 797601, at *2 (W.D. Mo. Feb. 26, 2016). "As a general rule, a reasonable hourly rate is the prevailing market rate, that is, the ordinary rate for similar work in the community where the case has been litigated." *Id.*

Additionally, in assessing the reasonableness of attorneys' fees and the hours billed, the Court should consider twelve factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the attorney's preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases[.]

*Allen v. Tobacco Superstore, Inc.*, 475 F.3d 931, 944 n.3 (8th Cir. 2007) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989)). "That amount must then be adjusted upward or downward 'on the basis of the results obtained.'" *Hixon*, 2007 WL 4373111, at *2 (quoting *Wheeler v. Mo. Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir.2003)).

### 1. Reasonable Rate

The hourly rates Plaintiffs' attorneys request are as follows: (i) $470 for Howard L. Steele, Jr., a partner-level attorney; (ii) $450 for Anne Schiavone, a partner-level attorney who served as local counsel; (iii) $275 for Shreedhar Patel, an associate-level attorney with six years of experience; (iv) $275 for Tyrone Haynes, an associate-level attorney with six years of

7

experience; (v) $250 for Philip Segura, an associate-level attorney with under two years of experience; (vi) $250 for Matt Amos, an associate-level attorney with one year of experience; (vii) $120 for paralegals; and (viii) $175 for law clerks.

After considering the record, the relevant *Johnson* factors, and the average attorney billing rates in Kansas City, the billing rates requested by Steele and Schiavone are reasonable. *See Letterman* 2016 WL 797601, at *3. (In 2015, "[p]artner-level, Kansas City area attorneys' rates ranged from $315 to $600, and averaged $400; associate-level attorneys ranged from $125 to $380, and averaged $228."). Similarly, Patel and Haynes, each with six years of experience, are reasonable in requesting their hourly rate in this matter. However, after considering the experience of Segura and Amos, the average billing rates for associates in Kansas City, and the results obtained by Plaintiffs' attorneys, the Court finds the reasonable hourly billing rate for Segura and Amos—attorneys with little experience—to be $200. Likewise, after considering the *Johnson* factors as well as the average market rate for paralegals in Missouri, the reasonable hourly billing rate for Plaintiffs' paralegals is $95. *See Banks v. Slay*, No. 4:13CV02158 ERW, 2016 WL 5870059, at *3 (E.D. Mo. Oct. 7, 2016) ("[A] $93.00 hourly rate [for paralegals] is reasonable."). Finally, the reasonable hourly billing for law clerks in this District is $33.09 in present dollars. *Id.* at *3, n.4 (citing *Southside Welfare Rights Org. v. Stangler*, 156 F.R.D. 187, 189 (W.D. Mo. 1993)).

### 2. Reasonable Number of Hours

Plaintiffs' attorneys argue that 8.7 hours worked by local counsel, as well as 729.20 hours worked by Plaintiffs' counsel, are reasonable for this type of FLSA case. At the outset, after considering Schiavone's experience, her resolve to expedite settlement, and the time typically required for local counsel, the Court finds Schiavone's hours worked to be reasonable. As to the

8

Case 2:14-cv-04199-SRB   Document 82   Filed 12/13/16   Page 8 of 11

remaining Plaintiffs' attorneys, the Court accepts the affidavits of Plaintiffs' attorneys, who are duty bound to present accurate information to the Court. *See* Mo. R. Bar Rule 4-3.3(a)(3) ("A lawyer shall not knowingly offer evidence that the lawyer knows to be false."). However, the number of hours worked to resolve similar cases, with a similar number of Plaintiffs is typically substantially fewer. Significantly, Plaintiffs filed their first Complaint in this Court on July 28, 2014, but did not file a return of service until February 17, 2015. Like the Court in *Banks*, where "the case was factually simple, the legal issues were not complex, and similar cases have been litigated for significantly fewer hours," the extensive number of hours Patel and Segura put into research, briefing, conferences, and duplicative discovery warrant a twenty percent reduction in the number of hours billed. *Banks*, 2016 WL 5870059, at *2.

### 3. Adjustment Downward

Considering the *Johnson* factors: (1) the time and labor required are already accounted for; (2) the novelty and difficulty of the questions presented to the attorneys, experienced in employment law matters, are extremely slight; (3) Plaintiffs' case did not require unusual skill to perform the legal service properly; (4) there is little evidence that attorneys were precluded from other employment opportunities due to acceptance of the case; (5) the customary fees are already accounted for; (6) the contingent basis on which Plaintiffs' attorneys charge fees weighs in favor of Plaintiffs' attorneys; (7) the time it took to prosecute the case to settlement was unreasonably long by nearly any measure; (8) the amount involved was slight—which is the most significant factor in this case—with the entire amount of the recovery dramatically less than the attorneys' fees; (9) the experience, reputation, and ability of the attorneys is already accounted for; (10) there is little evidence that FLSA cases are undesirable; (11) the nature and length of the professional relationship with the client weighs against Plaintiffs' attorneys, as the Plaintiff-

9

clients were forced to litigate for several years to receive a modest settlement; and (12) awards in similar cases have little bearing because few involve the long delays and discovery problems associated with Plaintiffs' attorneys' prosecution of this case. *Allen*, 475 F.3d at 944 n.3. Therefore, after considering the appropriate factors, the Court finds Defendants' arguments are sufficient to defeat the presumption that the lodestar figure is reasonable. Accordingly, the Court is exercising its discretion to reduce the total award to Plaintiffs' attorneys, with the exception of local counsel, by forty percent. A table of the total attorneys' fees awarded is set forth below:

| Attorney | Rate | Hours Set by the Court (after adjustment) | Total Before Forty Percent Reduction | Adjusted Total After Forty Percent Adjustment |
|---|---|---|---|---|
| Steele | $470.00 | 11.8 | $5,546.00 | $3,327.60 |
| Schiavone | $450.00 | 8.7 | $3,915.00 | **$3,915.00 |
| Patel | $275.00 | 108.72 | $29,898.00 | $17,938.80 |
| Haynes | $275.00 | 3.5 | $962.50 | $577.50 |
| Segura | $200.00* | 244 | $48,800.00 | $29,280.00 |
| Amos | $200.00* | 96.7 | $19,340.00 | $11,604.00 |
| Paralegals | $95.00* | 162.8 | $15,466.00 | $9,279.60 |
| Law Clerks | $33.09* | 9.1 | $301.12 | $180.67 |

*Rates as adjusted by Court.

**Rate not subject to 40% downward adjustment

**Total Award for Attorneys' Fees:** $76,103.17

Further, because this was a straightforward case of attorneys' fees and costs, with amply accessible case law and facts, Plaintiffs' attorneys' claim that over thirty-five hours of attorney time was necessary for the fee application is implausible. The Court notes that Plaintiffs' attorneys' application for costs did not consider the appropriate legal standard for determining taxable costs. The Court will exercise its discretion to reduce the fees awarded for the preparation of the instant fee application to $1, bringing the total to $76,104.17.

10

### III. Conclusion

Accordingly, for the foregoing reasons, it is hereby **ORDERED** that

(1) Plaintiffs' Proposed Bill of Costs (Doc. #77) is **DENIED IN PART and GRANTED IN PART**;

(2) Plaintiffs' Motion for Application for Attorneys' Fees (Doc #78) is **DENIED IN PART and GRANTED IN PART**;

(3) Attorney fees awarded to Plaintiffs, and assessed against Defendants, are $76,104.17; and

(4) Costs awarded to Plaintiffs, and assessed against Defendants, are $2,077.39.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: December 13, 2016